# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 19-61373-CIV-ALTMAN/Hunt

POWERTEC SOLUTIONS
INTERNATIONAL, LLC,

      Plaintiff,

v.

DREW HARDIN;
PRECISION POWER, LLC; *and*
PRECISION REEL CABLE
AND SUPPLY, LLC,

      Defendants.

_____/

## ORDER

**THIS MATTER** comes before the Court upon the Defendants' Motion to Dismiss the

Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) ("MTD") [ECF

No. 5].[1] The Court has carefully considered the parties' briefing, the record, and the governing

law. For the following reasons, the Defendants' Motion is **GRANTED**. The Plaintiff may file an

Amended Complaint by December 4, 2019.

## THE LAW

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim

for lack of personal jurisdiction. "The determination of personal jurisdiction over a nonresident

defendant requires a two-part analysis by the federal courts." *Cable/Home Commc'n Corp. v.*

*Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). First, the court must satisfy itself that

the exercise of personal jurisdiction comports with the forum state's long-arm statute. *See*

---

[1] The Plaintiff, PowerTec Solutions International, LLC ("PowerTec"), filed its Response on July 24,
2019 ("Resp.") [ECF No. 10], and the Defendants filed their Reply on August 13, 2019 ("Reply")
[ECF No. 16].

*Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 919 (11th Cir.1989). Second, the court must ensure that the exercise of jurisdiction is consistent with the requirements of the Due Process Clause of the Fourteenth Amendment. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999). "Subjecting [a defendant] to jurisdiction in Florida comports with due process so long as 'minimum contacts exist between [the defendant] and Florida and exercising jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* at 1220 (citations and quotations omitted).

Under Florida law, "[a] plaintiff seeking to obtain jurisdiction over a non-resident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Id.* at 1214 (citation omitted). "Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for exercise of such jurisdiction." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). If a plaintiff pleads sufficient "material facts" to support the exercise of personal jurisdiction, the burden then shifts to the defendant to challenge the plaintiff's allegations by affidavits or other competent evidence. *Id.* at 1249. "When a nonresident defendant raises a meritorious defense to personal jurisdiction through affidavits, documents or testimony," the plaintiff must establish the propriety of jurisdiction by affidavits, testimony, or other documents. *Am. Airlines, Inc. v. Despegar.com USA, Inc.*, No. 13-22773-CIV, 2014 WL 11880999, at *3 (S.D. Fla. May 14, 2014) (citations omitted). In other words, the "district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits." *See Cable/Home Commc'n Corp.*, 902 F.2d at 855. But, where "the parties' affidavit and deposition evidence conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Id*.

**THE FACTS**

PowerTec brought this action against the Defendants for "trade dress infringement under the Lanham Act" and "for state law claims for tortious interference, fraud, unjust enrichment, disgorgement, constructive trust, and breach of contract." Compl. ¶ 1. PowerTec is a "technology design and manufacturing company based in Hollywood, Florida," while the Defendants are "limited liability companies organized under the laws of Tennessee with their principal place of business in Nashville, Tennessee." Compl. ¶¶ 1, 4. PowerTec contends that it is an "international leader" in the design, manufacture, and sale of direct current power devices and "other standby power solutions." Compl. ¶ 3. The Defendants are "sister companies" with common owners, directors, and business goals who sell their products in Florida. Compl. ¶ 4. PowerTec hired Drew Hardin in August 2013 and, shortly thereafter, promoted him to Vice President of Sales and Marketing, where he remained until his resignation in "late 2018." Compl. ¶ 10.

PowerTec's Complaint avers that, at some point before Hardin resigned, he "interfered with PowerTec's contracts and business relationships" by "re-negotiating contracts with PowerTec's existing customers in order to position [the Defendants] to illegally assume those contracts once Hardin left PowerTec's employ." Compl. ¶ 19. PowerTec also contends that the Defendants have been "manufacturing, marketing, promoting, offering for sale, and selling copies of" certain PowerTec products. Compl. ¶ 21. Finally, PowerTec claims that Hardin registered a website domain name—[www.PowerTecSolutions.net](www.PowerTecSolutions.net)—while he was still employed by PowerTec and then "refused to assign the valuable domain name to PowerTec even though the domain name was properly owned by PowerTec." Compl. ¶ 20. According to the Complaint, PowerTec and Hardin entered into a settlement agreement—as a part of which Hardin agreed to assign to PowerTec the PowerTec domain name, and PowerTec, in turn, gave the Defendants a full release

of all claims, known and unknown. *Id.* Despite this settlement, PowerTec says, the Defendants have continued to infringe upon PowerTec's trade dress. Compl. ¶¶ 30-32. The Defendants timely moved to dismiss PowerTec's Complaint. [ECF No. 5].

## ANALYSIS

### A. Personal Jurisdiction

In the Defendants' view, PowerTec's allegations that they sell their products in Florida, that they "conduct business" in Florida, and that "some of the acts at issue" in this case occurred in Florida are conclusory—and thus insufficient to establish a *prima facie* case for personal jurisdiction. MTD at 7.

PowerTec responds by citing paragraphs 4 and 5 of the Complaint, in which it avers that the Defendants "sell their products . . . in the State of Florida" and that Hardin "conducts business in the State of Florida including the Southern District of Florida." *Id.* And, in its effort to adduce additional allegations regarding the Defendants' contacts with the State of Florida, PowerTec has styled its Response as one verified "under penalty of perjury" by Janet Wallin, PowerTec's Chief Financial Officer. *See* Resp. at 8. These "newly discovered" contacts include allegations that the Defendants sold the "infringing" products at a trade show in Orlando, Florida, in June of 2019. *Id.*

In their Reply, the Defendants counter that the "newly discovered" allegations should have been included in an amended complaint rather than incorporated in a response to a motion to dismiss. In addition, the Defendants contest the very substance of Ms. Wallin's allegations and attempt to discredit her attestations through the filing of a separate affidavit, signed by Drew Hardin himself. *See generally* Reply.

As a general matter, when "the parties' affidavit and deposition evidence conflict, the district court must construe all reasonable inferences in favor of the plaintiff." *Cable/Home*

*Commc'n Corp.*, 902 F.2d at 855. That said: "If a plaintiff has overlooked an additional basis for the court to exercise jurisdiction, it may always seek leave to amend. It cannot, however, raise new bases for personal jurisdiction for the first time in a response to a motion to dismiss that plainly fall outside the scope of the Complaint's jurisdictional statement." *Heliocol USA, Inc. v. Berrios*, No. 609CV2045ORL31GJK, 2010 WL 11626617, at *2 (M.D. Fla. Feb. 16, 2010); *Accord McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015) (a complaint "may not be amended by briefs in opposition to a motion to dismiss").

PowerTec's Complaint is replete with precisely the kinds of vague and conclusory allegations that, standing alone, do not suffice to establish a *prima facie* case of personal jurisdiction. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (bald allegation that defendants "committed, and conspired to commit, acts . . . within the State of Florida" was insufficient to establish a *prima facie* case of personal jurisdiction); *Castillo v. Allegro Resort Mktg.*, 603 Fed. App'x 913, 916 (11th Cir. 2015) (allegation that defendant had "contacts with [Florida] 24/7 and 365 days a year" was, without more specific allegations, insufficient to establish personal jurisdiction); *Vision Int'l Prod. Inc. v. Liteco S.R.L.*, 06-61462-CIV, 2007 WL 9700539, at *4 (S.D. Fla. Aug. 8, 2007) (allegation that defendants "have offered for sale and continue[] to offer for sale in this District" infringing products was a "formulaic conclusory averment[] insufficient to satisfy Plaintiff's burden").

In short, the Court agrees that PowerTec's Complaint should be dismissed without prejudice under FED. R. CIV. P. 12(b)(2).[2]

---

[2] The Court offers no opinion as to whether Ms. Wallin's attestations, if included in an amended complaint, would be sufficient to establish personal jurisdiction over the Defendants.

**B. The Defendants' 12(b)(6) and "Release" Arguments**

Because the Court has given PowerTec an opportunity to amend its Complaint, it need not now either reach the merits of the Defendants' Rule 12(b)(6) arguments or delve into the Defendants' contention that PowerTec has "released" all claims against them. *See* MTD at 10-13.[3]

Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Defendants' Motion to Dismiss [ECF No. 5] is **GRANTED**.

2. PowerTec may file an Amended Complaint consistent with this Order by December 4, 2019.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of November 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[3] "Release," however, is an affirmative defense that "cannot be determined from the face of the complaint" and therefore "is not appropriate for [the Court] to consider" on a motion to dismiss. *See Perkins ex rel Estate of Perkins v. Ottershaw Investments Ltd.*, No. 04-22869-CIV, 2005 WL 3273747, at *3 (S.D. Fla. Sept. 30, 2005) (collecting cases).